UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **WADDELL G. GIBBS** | **CIVIL ACTION NO. 2:13-623** |
| **FED. REG. # 34059-183** | **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **WARDEN C. MAIORANA** | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* under 28 U.S.C. § 2241 [doc. 1] filed by *pro se* petitioner Waddell G. Gibbs ("Gibbs"). Gibbs is in the custody of the Federal Bureau of Prisons ("BOP") and he is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").[1] However, his petition concerns events that occurred while he was incarcerated at the Federal Correctional Center in Petersburg, Virginia ("FCCP"). Gibbs names Warden C. Maiorana as respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED THAT** the petition be **DISMISSED WITH PREJUDICE.**

I. BACKGROUND

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

Gibbs complains that he was erroneously deprived of good-time credits. He claims that on February 29, 2012, FCCP staff confiscated a cell phone from a bathroom at the facility. Doc. 1, att. 2, p. 2. A forensic analysis of the cell phone revealed a number called from the phone. *Id.* FCCP officials cross-checked the number with the approved telephone numbers of FCCP inmates and found that the outgoing number appeared on Gibbs's list. *Id.*

FCCP staff issued an incident report charging Gibbs with "possession, manufacture, or introduction of a hazardous tool." *Id.* The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). The DHO found Gibbs guilty. *Id.* Among other punishments, Gibbs lost 41 days of good time credit. *Id.*

Gibbs appealed the DHO's findings. *Id.* His level one and level two appeals were denied. *Id.* He claims that his level three appeal was received by the BOP, but he never received a response. *Id.* at 2–3.

Gibbs filed this suit alleging that the information relied upon by the DHO did not constitute sufficient evidence to support a finding of guilt. *Id.* at 3–4. He contends that the DHO's reliance on the phone number matching the number on his approved telephone list does not meet the requisite evidence standard. *Id.* at 4. Further, Gibbs argues that the correctional staff failed to conduct a complete investigation into the matter. *Id.* In support, Gibbs alleges that the telephone number belonged to a former FCCP inmate whom many of the inmates knew. Therefore, according to Gibbs, it is unlikely that he was only person that could have used the cell phone in question to call the number. *Id.* Gibbs also faults the officers for failing to contact the individual called, who could have confirmed that the call was not made by Gibbs. *Id.*

As relief for the above, Gibbs seeks reversal of the disciplinary conviction, restoration of the 41 days of good time credit, and expungement of the charge from his record. *Id.*

## II. LAW AND ANALYSIS

Gibbs seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. §2241(c)(3).  Here, Gibbs claims that he was deprived of good-time credits without proper evidence to support the disciplinary charge.  Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  Therefore and because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 556.

Courts will not review a disciplinary hearing officer's factual findings *de novo.* Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill,* 472 U.S. at 454–55.  *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 252 F.3d 534, 537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37. In this case, the disciplinary hearing officer considered the following: (1) the chain of custody log; (2) the supporting phone extraction report of call logs from the cell phone; (3) the TRUVIEW inmate detail report; (4) the written statement of investigating officer J. Negron; (5) the supporting photograph of the cell phone; (6) the handwritten statement provided by Gibbs's witness; and, (7) Gibbs's statement as to the charges. Doc. 1, att. 3, pp. 10–12.

Based on a review of the above information, the hearing officer found Gibbs guilty of the charged offense. In this matter, the DHO relied on a wide range of investigations, reports, and statements. As such, there is no question that the "some evidence" standard was met, supporting the DHO's finding of guilt.

Thus, Gibbs has failed to show that a constitutional violation occurred, and his claims should be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* should be **DENIED** and **DISMISSED WITH PREJUDICE**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), a party aggrieved by this report and recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE